■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE GREEN, Appellant. [847 NYS2d 190]—Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 17, 2006, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). Any inconsistencies in the testimony regarding defendant's clothing or backpack, or the manner in which the victim was holding her purse, were inconsequential.

Since defendant only made general objections during the prosecutor's summation, and since his CPL 330.30 (1) motion to set aside the verdict could not preserve issues he failed to preserve during the trial, defendant did not preserve his present claims (see People v Harris, 98 NY2d 452, 492 [2002]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the prosecutor's summation did not exceed the "broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399 [1981]). Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS JACKSON, Appellant. [847 NYS2d 532]—Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about August 10, 2006, which adjudicated defendant a level one sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The provision requiring persons convicted of certain abduction-related crimes to register as sex offenders is constitutional, even as applied to a person whose abduction of a child had no apparent sexual component (People v Knox, 45 AD3d 274 [2007]; People v Taylor, 42 AD3d 13 [2007], lv dismissed 9 NY3d 887 [2007]). Accordingly, even if we were to assume that defendant's attempted kidnapping conviction had no sexual aspect, we would reject his claim that the statute is unconstitutional as applied to him. In any event, this conviction was closely related to sex-related criminal activity. Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ. [See 13 Misc 3d 833.]