# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1236**
**KA 11-00285**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PATRICK HACKETT, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cattaraugus County Court (Larry M. Himelein, J.), dated January 25, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that County Court miscalculated his total risk factor score in the risk assessment instrument (RAI), and thus mistakenly determined that he was presumptively a level three risk based on that score. We agree with defendant. In fact, pursuant to the correct total risk factor score in the RAI, defendant is presumptively classified as a level two risk. We note, however, that the court also sua sponte assessed additional points under risk factor 3 (Number of Victims) and risk factor 4 (Duration of Offense Conduct with Victim) in the RAI, which then rendered defendant a presumptive level three risk. We further agree with defendant that the court violated his due process rights by sua sponte assessing those additional points. The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment (*see* § 168-n [3]; *People v David W.*, 95 NY2d 130, 136-140). Here, neither risk factor was originally selected on the RAI or raised by the People at the SORA hearing, and defendant learned of the assessment of the additional points for the first time when the court issued its decision (*cf. People v Wheeler*, 59 AD3d 1007, *lv denied* 12 NY3d 711). We therefore reverse the order, vacate defendant's risk level determination, and

remit the matter to County Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3) and defendant's due process rights.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court