■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES SEGURA, Appellant. [26 NYS3d 7]—

Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about December 1, 2009, which adjudicated defendant a level three sexually violent offender, unanimously reversed, on the law, without costs, and the matter remanded for a new hearing.

In completing defendant's risk assessment instrument under the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Board of Examiners of Sex Offenders did not assess any points against him for forcible compulsion. On May 4, 2009, during the course of defendant's SORA hearing, the court, without prior notice to defendant, proceeded to consider whether to assess points against him for forcible compulsion. Defendant vigorously objected, arguing that he was entitled to 10 days' prior notice under Correction Law § 168-n (3) if there were to be a departure from the Board's recommendation. Nevertheless, the Court proceeded to assess 10 points for forcible compulsion, resulting in defendant's being adjudicated a level three sex offender.

SORA protects a defendant's due process rights by requiring written notice, at least 10 days prior to the hearing, to determine his risk level, if a determination differing from the Board's recommendation is to be sought (Correction Law

§ 168-n [3]). The purpose of the notice is to afford the defendant a meaningful opportunity to respond at the hearing (*see People v Neish*, 281 AD2d 817 [3d Dept 2001]). No less than when the People fail to give the required notice that they will seek a departure from the Board's recommendation, a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond (*see People v Hackett*, 89 AD3d 1479 [4th Dept 2011] [the court's sua sponte assessment in its decision of additional points not assessed by the Board violated the defendant's due process rights]; *cf. People v Wheeler*, 59 AD3d 1007 [4th Dept 2009] [the defendant's rights were not violated when the court, upon stating that it would consider, sua sponte, an upward departure from the Board's recommendation, adjourned the hearing to afford him a meaningful opportunity to respond], *lv denied* 12 NY3d 711 [2009]). Defendant is therefore entitled to a new hearing at which he is afforded a meaningful opportunity to respond to the contention that he should be assessed points for forcible compulsion.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.