# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294**

**KA 15-00670**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RAOUL BALDWIN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated February 13, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is modified on the law and in the interest of justice by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and vacating the determination that defendant is a sexually violent offender, and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk and a sexually violent offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Pursuant to the total risk factor score in the risk assessment instrument, defendant was presumptively a level two risk, but County Court determined that an upward departure from that presumptive risk level was warranted. The evidence at the SORA hearing established that defendant, who was convicted of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20), asked a group of children who were walking on the street to assist him in moving items from his porch to the street, and then asked if they would help him carry items from the basement to the street. The 11-year-old victim and another child followed defendant into the house. The other child ran out of the house, but defendant took the victim by the arm to the basement, where he held her in a manner that prevented her from leaving. The victim's friend returned to the house and called for the victim, at which point the victim was either released by defendant or escaped his grasp, and she left the house. Although the victim sustained scratches on her neck, she was not otherwise physically harmed. The court determined that defendant "lured . . . an 11-year-old girl[]"

into the basement of his home and fortunately before she was harmed, she was able to escape.  I believe that under those circumstances, an upward departure is appropriate and that a level II finding does not adequately take into account those circumstances."

We agree with defendant that the court erred in granting the People's request for an upward departure from a presumptive level two risk to a level three risk based upon its assumption that the victim would have suffered greater harm had the other child not intervened and allowed the victim to escape.  While it may be reasonable to assume that defendant had sinister intentions when he lured two young children into his home, such an assumption does not constitute the requisite "clear and convincing evidence that there exist aggravating circumstances of a kind or to a degree not adequately taken into account by the risk assessment guidelines" (*People v Sczerbaniewicz*, 126 AD3d 1348, 1349).  We therefore modify the order accordingly.

We cannot agree with our dissenting colleagues that an upward departure is warranted on the additional ground that the elements of the crime of attempted kidnapping in the second degree, i.e., that defendant attempted to abduct the victim (*see* Penal Law §§ 110.00, 135.20), are not adequately taken into account by the guidelines.  In our view, the Legislature took the elements of the crime into account when it designated attempted kidnapping a "sex offense" despite the fact that it has no apparent sexual component (*see People v Jackson*, 46 AD3d 324, 324, *affd* 12 NY3d 60).  Further, the proposed "ground[] for departure had never been raised, and the defendant was never afforded an opportunity to be heard on the issue of whether [it was a] proper ground[] for departure" (*People v Manougian*, 132 AD3d 746, 747; *see People v Segura*, 136 AD3d 496, 497; *People v Hackett*, 89 AD3d 1479, 1480).  Inasmuch as the ground relied upon by the dissent was not raised at the trial court or on appeal, we conclude that relying upon that ground to depart from defendant's presumptive risk level would violate his due process rights (*see* Correction Law § 168-n [3]; *Segura*, 136 AD3d at 496-497).

Finally, although defendant failed to preserve for our review his further contention that the court erred in determining that he is a sexually violent offender (*see* Correction Law § 168-a [3]), we nevertheless review that contention in the interest of justice, and we further modify the order by vacating that determination.  A " '[s]exually violent offender' means a sex offender who has been convicted of a sexually violent offense defined in [section 168-a (3)]" (§ 168-a [7] [b]), and that is not the case here.  Neither the current offense of attempted kidnapping (Penal Law §§ 110.00, 135.20), nor the offense of sexual misconduct (§ 130.20), of which defendant was previously convicted, are defined as sexually violent offenses (*see* Correction Law § 168-a [3]).

All concur except NEMOYER and SCUDDER, JJ., who dissent in part and vote to modify in accordance with the following memorandum:  We respectfully dissent in part because, in our view, County Court properly determined that an upward departure from a presumptive level two risk was warranted under these facts.  We therefore would modify

the order only by vacating the determination that defendant is a sexually violent offender, in the interest of justice and on the law.

Here, as the court properly determined, there was an aggravating circumstance that is, "as a matter of law, of a kind or to a degree not adequately taken into account by the [Sex Offender Registration Act] guidelines" (*People v Gillotti*, 23 NY3d 841, 861), i.e., that defendant attempted to abduct the victim (*see* Penal Law §§ 110.00, 135.20). The court also properly determined that the People adduced sufficient evidence to meet their burden of proving by clear and convincing evidence that the aggravating factor existed, and that the "totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*Gillotti*, 23 NY3d at 861).

We respectfully disagree with the majority that the risk assessment guidelines adequately take into account the attempted abduction of the victim and, in our view, *People v Jackson* (12 NY3d 60) does not compel a different result. In *Jackson*, the defendant was convicted of attempted kidnapping and challenged the requirement that he register as a sex offender pursuant to Correction Law § 168-a (1) (*see Jackson*, 12 NY3d at 64-65). The guidelines, however, are to be used by the Board of Examiners of Sex Offenders (Board) " 'to assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety' " (*Gillotti*, 23 NY3d at 852, quoting Correction Law § 168-*l* [5]). With respect to the "current offense" for which the offender is being assessed, i.e., attempted kidnapping, the guidelines require the Board to assess the risks associated with the *offender* by evaluating the following factors: the use of violence, sexual contact with the victim, the number of victims, the duration of the offensive conduct with the victim, the age of the victim, and other characteristics of the victim, such as mental disability (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-11 [2006]). In our view, those factors do not adequately take into account the fact that defendant attempted to abduct the victim, i.e., that he attempted to restrain her and to prevent her liberation by secreting her in his basement, where she was unlikely to be found (*see* Penal Law § 135.00 [2]).

We also respectfully disagree with the majority's conclusion that the ground for departure, i.e., defendant's attempted abduction of the victim, was not raised and that defendant was not afforded an opportunity to be heard on the issue whether it was a proper ground for departure. Although the People did not frame the basis for an upward departure in precisely those terms, in our view, it is implicit in the People's argument for an upward departure that the attempted abduction of the victim was the basis for an upward departure. Indeed, in granting the application for an upward departure, the court found that defendant lured the 11-year-old victim into his house and took her by the arm into the basement and restrained her there.

Thus, in our view, the court properly providently exercised its discretion in granting the People's application for an upward departure to a level three risk (*see People v Kotler*, 123 AD3d 992,

993, *lv denied* 26 NY3d 902; *see generally People v Ellis*, 52 AD3d 1272, 1273, *lv denied* 11 NY3d 707).