Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated February 13, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is modified on the law and in the interest of justice by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and vacating the determination that defendant is a sexually violent offender, and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk and a sexually violent offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Pursuant to the total risk factor score in the risk assessment instrument, defendant was presump *1353 tively a level two risk, but County Court determined that an upward departure from that presumptive risk level was warranted. The evidence at the SORA hearing established that defendant, who was convicted of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20), asked a group of children who were walking on the street to assist him in moving items from his porch to the street, and then asked if they would help him carry items from the basement to the street. The 11-year-old victim and another child followed defendant into the house. The other child ran out of the house, but defendant took the victim by the arm to the basement, where he held her in a manner that prevented her from leaving. The victim’s friend returned to the house and called for the victim, at which point the victim was either released by defendant or escaped his grasp, and she left the house. Although the victim sustained scratches on her neck, she was not otherwise physically harmed. The court determined that defendant “lured . . . an 11-year-old girl[ ] into the basement of his home and fortunately before she was harmed, she was able to escape. I believe that under those circumstances, an upward departure is appropriate and that a level II finding does not adequately take into account those circumstances.”
We agree with defendant that the court erred in granting the People’s request for an upward departure from a presumptive level two risk to a level three risk based upon its assumption that the victim would have suffered greater harm had the other child not intervened and allowed the victim to escape. While it may be reasonable to assume that defendant had sinister intentions when he lured two young children into his home, such an assumption does not constitute the requisite “clear and convincing evidence that there exist aggravating circumstances of a kind or to a degree not adequately taken into account by the risk assessment guidelines” (People v Sczerbaniewicz, 126 AD3d 1348, 1349 [2015]). We therefore modify the order accordingly.
We cannot agree with our dissenting colleagues that an upward departure is warranted on the additional ground that the elements of the crime of attempted kidnapping in the second degree, i.e., that defendant attempted to abduct the victim (see Penal Law §§ 110.00, 135.20), are not adequately taken into account by the guidelines. In our view, the Legislature took the elements of the crime into account when it designated attempted kidnapping a “sex offense” despite the fact that it has no apparent sexual component (see People v Jackson, 46 AD3d 324, 324 [2007], affd 12 NY3d 60 [2009]). Further, the proposed “ground [ ] for departure had never been *1354 raised, and the defendant was never afforded an opportunity to be heard on the issue of whether [it was a] proper ground [ ] for departure” (People v Manougian, 132 AD3d 746, 747 [2015]; see People v Segura, 136 AD3d 496, 497 [2016]; People v Hackett, 89 AD3d 1479, 1480 [2011]). Inasmuch as the ground relied upon by the dissent was not raised at the trial court or on appeal, we conclude that relying upon that ground to depart from defendant’s presumptive risk level would violate his due process rights (see Correction Law § 168-n [3]; Segura, 136 AD3d at 496-497).
Finally, although defendant failed to preserve for our review his further contention that the court erred in determining that he is a sexually violent offender (see Correction Law § 168-a [3]), we nevertheless review that contention in the interest of justice, and we further modify the order by vacating that determination. A “ ‘[s]exually violent offender’ means a sex offender who has been convicted of a sexually violent offense defined in [section 168-a (3)]” (§ 168-a [7] [b]), and that is not the case here. Neither the current offense of attempted kidnapping (Penal Law §§ 110.00, 135.20), nor the offense of sexual misconduct (§ 130.20), of which defendant was previously convicted, are defined as sexually violent offenses (see Correction Law § 168-a [3]).
All concur except NeMoyer and Scudder, JJ., who dissent in part and vote to modify in accordance with the following memorandum.