*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 20, 2016                    519408B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DONALD R. GRIEST JR.,
                        Appellant.
_____

Calendar Date:   September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Mitch Kessler, Cohoes, for appellant.

        Mark D. Suben, District Attorney, Cortland (Zela Brotherton
of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the County Court of Cortland County
(Ames, J.), entered March 20, 2014, which classified defendant as
a risk level three sex offender and a sexually violent offender
pursuant to the Sex Offender Registration Act.

        Defendant pleaded guilty to sexual abuse in the first
degree stemming from his sexual contact with a
then-eight-year-old victim, and he was sentenced to six years in
prison followed by five years of postrelease supervision.  Prior
to his release from prison, the Board of Examiners of Sex
Offenders prepared a risk assessment instrument that
presumptively classified defendant as a risk level three sex
offender under the Sex Offender Registration Act (see Correction
Law art 6–C).  That risk assessment instrument assigned defendant

zero points under risk factor 1, regarding use of violence. Thereafter, the People requested that County Court classify defendant a risk level three sex offender. That written application specifically noted that the category of use of violence was "not applicable." Following a hearing, County Court preliminarily classified defendant as a risk level two sex offender. That preliminary classification did not include assessing any points for the use of violence category. At the outset of a subsequent hearing that County Court held to consider the People's argument for an upward departure, the court explained that it had already "made a decision . . . regarding a point score." After that hearing, and despite recognizing that "both sides had agreed that [zero] points would be a[ss]essed for [risk f]actor 1," the court assigned 10 points for risk factor 1, i.e., use of violence. Based on the addition of that 10 points, the court found defendant to be a risk level three sex offender. The court offered defendant an opportunity for further argument only to the extent of whether a downward departure was warranted, and defendant declined that opportunity. Defendant appeals, and we reverse based on the violation of defendant's due process rights.

A defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment (see Correction Law § 168-d [3]; People v David W., 95 NY2d 130, 136-140 [2000]; People v Segura, 136 AD3d 496, 497 [2016]; People v Hackett, 89 AD3d 1479, 1480 [2011]; People v Neish, 281 AD2d 817, 817 [2001]). Not only did County Court fail to give defendant notice of its intention to sua sponte assess points for the category of use of violence, it affirmatively misled defendant by its assurance that it had already "made a decision . . . regarding a point score," which included no assignment of points for that risk factor. Accordingly, defendant was denied due process (see People v Segura, 136 AD3d at 497; People v Hackett, 89 AD3d at 1480). Considering the fact that defendant was never aware of the potential of the assignment of such points until a point in time where he no longer had an opportunity to object — his only remaining opportunity to be heard being explicitly limited to arguing for a downward departure — he need not have taken any further action to preserve

the issue for our review (see e.g. People v Hackett, 89 AD3d at 1480).  We therefore reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new risk level determination that complies with Correction Law § 168-n (3) and due process.

Egan Jr., Devine, Clark and Aarons, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court