People v Maus (2018 NY Slip Op 04796)





People v Maus


2018 NY Slip Op 04796


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
JAMES MAUS, Appellant.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Arthur G. Dunn, Troy, for appellant.
Joel E. Abelove, District Attorney, Rensselaer (Jacob B. Sher of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Rensselaer County (Young, J.), entered September 4, 2015, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2015, defendant pleaded guilty to sexual abuse in the first degree and was sentenced to a prison term of two years, to be followed by six years of postrelease supervision. The conviction stemmed from defendant's sexual contact with a six-year-old girl. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified defendant as a risk level one sex offender (55 points). At a subsequent SORA hearing, the People recommended an upward departure to risk level two based upon the defendant's abuse of the familial relationship. County Court denied the People's request for an upward departure but assigned defendant an additional 20 points under risk factor 4 based upon a continuing course of sexual misconduct. As a result, County Court assigned defendant 75 points, classified defendant as a risk level two sex offender and designated him a sexually violent offender. Defendant now appeals.
Defendant contends that County Court's sua sponte assessment of 20 points under risk factor 4 was not supported by clear and convincing evidence and that it deprived the defendant of a meaningful opportunity to respond to that assessment [FN1]. Because we agree with the latter of these contentions, we reverse. "A defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment" (People v Griest, 143 AD3d 1058, 1059 [2016] [citations omitted]; see Correction Law § 168-d [3]; People v David W., 95 NY2d 130, 136-140 [2000]; People v Hackett, 89 AD3d 1479, 1480 [2011]). To that end, SORA requires the People to provide defendant with written notice, at least 10 days prior to the hearing, if they intend to seek a presumptive risk level classification that differs from the Board's recommendation along with their reasons for doing so (see Correction Law
§ 168-n [3]; People v Segura, 136 AD3d 496, 497 [2016]; People v Neish, 281 AD2d 817, 817 [2001]). Similarly, "a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to be respond" (People v Segura, 136 AD3d at 497; see People v Hackett, 89 AD3d at 1480).
Here, the Board did not assess any points for a continuing course of sexual misconduct under risk factor 4 of the RAI. Although the People originally intended to seek an assessment of 20 points under this factor for additional sexual misconduct alleged to have occurred in the summer of 2013, at the hearing they conceded that they did not have clear and convincing evidence to justify that assessment and, as a result, agreed with the Board's presumptive risk level one sex offender classification. Following that concession, defendant concurred with the People that the RAI "arrives at a total of 55 points, which is a presumptive level one assessment." No further discussion occurred relative to risk factor 4 until County Court's written order, when defendant learned of the court's sua sponte assessment of the additional 20 points, at which time defendant had no meaningful opportunity to object. In our view, given the People's concession and ensuing colloquy at the hearing, defendant was reasonably led to believe that no points would be assessed under risk factor 4, and County Court failed to give defendant notice of its intention to sua sponte assess points for defendant's alleged continuing course of sexual misconduct under that factor (see People v Griest, 143 AD3d at 1059; People v Hackett, 89 AD3d at 1480; People v Segura, 136 AD3d at 497; cf. People v Neish, 281 AD2d 817, 817-818 [2001]). Accordingly, defendant is entitled to a new hearing at which he is to be afforded a meaningful opportunity to respond to the contention that he should be assessed points for a continuing course of sexual misconduct under risk factor 4. We therefore reverse County Court's order, vacate defendant's risk level classification and remit the matter to County Court for a new risk level determination that complies with Correction Law
§ 168-n (3) and due process.
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Assessment of 20 points under risk factor 4 requires a demonstration of a continuing course of sexual misconduct, which occurs when the offender "engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Teal, 158 AD3d 902, 903 [2018]; People v Riddick, 139 AD3d 1121, 1122 [2016]).