People v Chrisley (2019 NY Slip Op 03505)





People v Chrisley


2019 NY Slip Op 03505


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


404 KA 17-00300

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN R. CHRISLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated January 31, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the matter is remitted to Genesee County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court violated his right to due process by sua sponte assessing points on a theory not raised by the Board of Examiners of Sex Offenders (Board) or the People (see People v Maus, 162 AD3d 1415, 1416 [3d Dept 2018]; People v Griest, 143 AD3d 1058, 1059 [3d Dept 2016]; People v Hackett, 89 AD3d 1479, 1480 [4th Dept 2011]). The People correctly contend that defendant failed to preserve that contention for our review inasmuch as he "raised no objection at the hearing when the court indicated its intent to assign points under that risk factor and articulated its reasons for doing so, nor did he seek an adjournment or otherwise request additional time to respond" (People v Bush, 105 AD3d 1179, 1180 [3d Dept 2013], lv denied 21 NY3d 860 [2013]; cf. Maus, 162 AD3d at 1417; Hackett, 89 AD3d at 1480). We nevertheless review defendant's contention in the interest of justice "in light of the substantial infringement upon [his] due process and statutory rights" (People v Hernaiz, 126 AD3d 771, 772 [2d Dept 2015]; see People v Souverain, 137 AD3d 765, 766 [2d Dept 2016]).
"The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment" (Hackett, 89 AD3d at 1480). As a result, "[a] defendant has both a statutory and constitutional right to notice of points sought to be assigned" (Griest, 143 AD3d at 1059; see Correction Law § 168-d [3]; Maus, 162 AD3d at 1416-1417), and "a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond" (People v Segura, 136 AD3d 496, 497 [1st Dept 2016]; see Hackett, 89 AD3d at 1480). Here, neither the Board nor the People requested the assessment of points for a continuing course of sexual misconduct on the ground that defendant engaged in three or more acts of sexual contact with the victim over a period of at least two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). The Board recommended no point assessment under that category, and the People recommended that points be assessed under that category on the sole ground that, as indicted, defendant had committed two acts of sexual contact against the victim. The court correctly determined that points could not be assessed for only two acts of sexual contact inasmuch as neither of the indicted incidents involved "an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact" (id.). At the conclusion of the SORA hearing, however, the court proceeded to assign additional points under [*2]that category on the ground that the grand jury testimony of the victim's mother established that there was a third uncharged incident of sexual contact. Defendant was never provided any notice that points would be assessed as a result of a third uncharged incident and thus was not given a meaningful opportunity to respond to the court's risk level assessment. We therefore reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3) and defendant's due process rights (see Hackett, 89 AD3d at 1480).
We have reviewed defendant's remaining challenges to the risk level determination and conclude that they lack merit.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court