People v Wilke (2020 NY Slip Op 02002)





People v Wilke


2020 NY Slip Op 02002


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


298 KA 19-00862

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALTON WILKE, DEFENDANT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered January 29, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court violated his right to due process by sua sponte assessing points on a theory not raised by the Board of Examiners of Sex Offenders or the People (see People v Chrisley, 172 AD3d 1914, 1915-1916 [4th Dept 2019]; People v Hackett, 89 AD3d 1479, 1480 [4th Dept 2011]). The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment (see § 168-n [3]; People v David W., 95 NY2d 130, 136-138 [2000]). Here, no allegations were made either in the risk assessment instrument (RAI) or by the People at the SORA hearing that defendant should be assessed 30 points under risk factor 3, and defendant learned of the assessment of the additional points under that risk factor for the first time when the court issued its decision (see Chrisley, 172 AD3d at 1916; Hackett, 89 AD3d at 1480).
Even assuming, arguendo, that the harmless error doctrine applies in this context (see People v Baxin, 26 NY3d 6, 11 [2015]), the error here cannot be deemed harmless inasmuch as we further agree with defendant that the court's alternative basis for the risk level determination also violated defendant's right to due process. The court stated that, if defendant were a presumptive level one risk, an upward departure to level two would be warranted based on certain aggravating factors stemming from the nature of the crimes. Because those factors were not presented as bases for departure in the RAI or by the People at the hearing, defendant was not afforded notice and a meaningful opportunity to respond to them (see generally People v Baldwin, 139 AD3d 1352, 1353-1354 [4th Dept 2016]). We therefore reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3) and defendant's due process rights (see Chrisley, 172 AD3d at 1916; Hackett, 89 AD3d at 1480).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court