People v Montufar-Tez (2021 NY Slip Op 04158)





People v Montufar-Tez


2021 NY Slip Op 04158


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-06803

[*1]The People of the State of New York, respondent,
v
Mario Montufar-Tez, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered June 3, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Rockland County, for a new risk level assessment hearing and a new determination in accordance with Correction Law § 168-n(3).
The defendant pleaded guilty to rape in the first degree and was sentenced to a term of imprisonment. Prior to the defendant's release from prison, the County Court held a risk level assessment hearing under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In addition to the points requested by the Board of Examiners of Sex Offenders (hereinafter the Board) and the People, the court, sua sponte, assessed the defendant points under risk factor 4 (continuing course of sexual misconduct) and risk factor 15 (living or employment inappropriate). The court designated the defendant a level three sex offender. The defendant appeals.
The defendant's contention that his right to due process was violated when the County Court sua sponte assessed additional points during the risk level assessment hearing, which were not requested by either the People or the Board, is unpreserved for appellate review, since he did not object to the assessment of such points at the hearing (see CPL 470.05[2]; People v Velez, 100 AD3d 847, 847-848; People v Teagle, 64 AD3d 549, 550). Nonetheless, under the circumstances of this case, we exercise our interest of justice jurisdiction to review this contention.
"The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment" (People v Wilke, 181 AD3d 1324, 1325; see Correction Law § 168-n[3]; People v David W., 95 NY2d 130, 136-138; People v Griest, 143 AD3d 1058, 1059; People v Black, 33 AD3d 981, 981-982). "A defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment" (People v Griest, 143 AD3d at 1059; see People v Maus, 162 AD3d 1415, 1416; People v Hackett, 89 AD3d 1479, 1480). Thus, [*2]"a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond" (People v Segura, 136 AD3d 496, 497; see People v Chrisley, 172 AD3d 1914, 1915).
Here, as correctly conceded by the People, the County Court's assessment of these points, without prior notice to the defendant, deprived him of a meaningful opportunity to respond to the assessment (see People v Chrisley, 172 AD3d at 1915; People v Segura, 136 AD3d at 497; see also People v Manougian, 132 AD3d 746, 747). Accordingly, we reverse the order, and remit the matter to the County Court, Rockland County, for a new risk level assessment hearing and a new determination in accordance with Correction Law § 168-n(3).
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court