People v Ritchie (2022 NY Slip Op 01635)





People v Ritchie


2022 NY Slip Op 01635


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


72 KA 20-00958

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB RITCHIE, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS, FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), entered February 25, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order classifying him as a level three sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We reverse.
In its risk assessment instrument (RAI), the Board of Examiners of Sex Offenders (Board) assessed points in various categories, totaling 105 points, making defendant a presumptive level two risk. Based on his "prior felony conviction for a sex crime," however, the Board recommended an override to classify defendant as a presumptive level three risk. Nevertheless, when the parties appeared for the SORA hearing, defendant's counsel and the Assistant District Attorney agreed that defendant "should be scored at a Level II," and asked County Court to issue an order to that effect. The court responded, "So ordered," and the proceedings came to a close. No mention was made by anyone of the Board's recommendation for an override to risk level three.
In the order on appeal, however, the court assessed the 105 points recommended by the Board, but then also assessed an additional 10 points under risk factor 12, for failure to accept responsibility. That point assessment made defendant a presumptive level three risk. Based on its determination that defendant was a presumptive level three risk, the court stated that it "need not address the applicability of an override," but it noted that, had it adhered to the Board's point assessment, it would still have found the level three assessment appropriate "due to the override."
Defendant contends that the court erred in assessing points under risk factor 12. As a preliminary matter, we conclude that defendant's contention is properly before this Court inasmuch as defendant had no opportunity to object to the court's action due to the fact that the court gave no indication that it would be assessing those points until it was too late for defendant to raise any objection (see People v Griest, 143 AD3d 1058, 1059 [3d Dept 2016]; cf. People v Chrisley, 172 AD3d 1914, 1915 [4th Dept 2019]).
With respect to the merits, we agree with defendant and conclude that he is entitled to a new SORA hearing. Initially, it is well established that " '[a] defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment' " (People v Montufar-Tez, 195 AD3d 1052, 1053 [2d Dept 2021]; see People v Wilke, 181 AD3d 1324, 1325 [4th Dept 2020]). As a result, "a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond" (People v Segura, [*2]136 AD3d 496, 497 [1st Dept 2016]; see Montufar-Tez, 195 AD3d at 1052). That is what happened here.
Furthermore, we agree with defendant that the court erred in assessing him 10 points under risk factor 12, for failure to accept responsibility, given that he pleaded guilty and admitted his guilt (see People v Kowal, 175 AD3d 1057, 1058 [4th Dept 2019]). Although defendant once stated that he believed the 16-year-old victim was 18 years of age, we have held that "pointing out a mitigating aspect of one's conduct is not necessarily inconsistent with accepting responsibility for that conduct" (id. at 1059; see People v Whalen, 22 AD3d 900, 902 [3d Dept 2005]). Inasmuch as defendant's knowledge of the victim's age is not an element of the offense to which defendant pleaded guilty (see Penal Law § 130.25 [2]), and as defendant never denied that he had sexual intercourse with the underage victim, we conclude that his comment does not reflect a failure to accept responsibility for his actions. We also note that defendant pleaded guilty to statutory rape as charged in the superior court information, obviating the need for the victim to testify before the grand jury.
We further agree with defendant that the error cannot be considered harmless, notwithstanding the court's alternative determination that a level three designation would be appropriate based on the override for a prior felony sex crime conviction, inasmuch as that alternative determination violated defendant's right to due process (see Wilke, 181 AD3d at 1325). It is well settled that the override for a prior felony conviction of a sex crime is not mandatory (see People v Douglas, 199 AD3d 1330, 1331 [4th Dept 2021]; People v Reynolds, 68 AD3d 955, 956 [2d Dept 2009]). Inasmuch as the court indicated that it agreed with the level two designation proposed by the parties, defendant was not afforded a meaningful opportunity to argue against the override or in favor of a downward departure (see Wilke, 181 AD3d at 1325; cf. People v June, 195 AD3d 1443, 1443-1444 [4th Dept 2021], lv denied 37 NY3d 912 [2021]).
Based on our determination, we do not address defendant's remaining contention.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court