People v Torres (2022 NY Slip Op 06730)

People v Torres

2022 NY Slip Op 06730

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02060

[*1]People of State of New York, respondent,
v
Antonio Torres, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated February 28, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), in addition to the points requested by the Board of Examiners of Sex Offenders (hereinafter the Board) and the People, the County Court, sua sponte, assessed the defendant an additional 10 points. The court thereafter designated the defendant a level two sex offender. The defendant appeals.
"The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment" (People v Wilke, 181 AD3d 1324, 1325; see Correction Law § 168-n[3]; People v David W., 95 NY2d 130, 136-138; People v Griest, 143 AD3d 1058, 1059; People v Black, 33 AD3d 981, 981-982). "A defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment" (People v Griest, 143 AD3d at 1059; see People v Maus, 162 AD3d 1415, 1416; People v Hackett, 89 AD3d 1479, 1480). Thus, "a court's sua sponte departure from the Board's recommendation . . . without prior notice, deprives the defendant of a meaningful opportunity to respond" (People v Segura, 136 AD3d 496, 497; see People v Chrisley, 172 AD3d 1914, 1915).
As the defendant correctly contends, the County Court improperly increased his total score by 10 points. The defendant was not provided prior notice that the court was considering the assessment of additional points, and he had no meaningful opportunity to contest the imposition of those points (see People v Montufar-Tez, 195 AD3d 1052, 1053; People v Manougian, 132 AD3d 746, 747).
Nevertheless, deducting 10 points from the total points assessed against the defendant does not alter his presumptive risk level, from which the County Court did not depart in designating [*2]him a level two sex offender (see People v George, 142 AD3d 1059, 1060-1061; People v Howell, 82 AD3d 857, 858). Accordingly, we affirm.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court