People v Lostumbo (2024 NY Slip Op 01639)

People v Lostumbo

2024 NY Slip Op 01639

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

177 KA 23-00293

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STANLEY LOSTUMBO, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered December 29, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk and a sexually violent offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Preliminarily, although defendant's notice of appeal is premature inasmuch as it predates the order from which he purports to appeal, we exercise our discretion in the interest of justice to treat the notice of appeal as valid and deem the appeal as properly taken from the order (see CPLR 5520 [c]; People v Pichcuskie, 111 AD3d 1344, 1344 [4th Dept 2013], lv denied 22 NY3d 861 [2014]; People v Cantrell, 37 AD3d 1183, 1184 [4th Dept 2007], lv denied 8 NY3d 812 [2007]). Defendant contends that Supreme Court violated his right to due process by assessing 10 points under risk factor 12 for failure to accept responsibility, which assessment was not recommended by the Board of Examiners of Sex Offenders (Board) and rendered defendant a presumptive level two risk, because he lacked the requisite notice and meaningful opportunity to contest that assessment. We agree.
" 'It is well established that sex offenders are entitled to certain due process protections at their risk level classification proceedings' . . . , and the basic hallmarks of due process are notice and an opportunity to be heard" (People v Worley, 40 NY3d 129, 134-135 [2023]; see Doe v Pataki, 3 F Supp 2d 456, 471-472 [SD NY 1998]; People v Baxin, 26 NY3d 6, 10 [2015]; People v David W., 95 NY2d 130, 138 [2000]). The statute thus provides, as relevant here, that "[i]f the [D]istrict [A]ttorney seeks a determination that differs from the recommendation submitted by the [B]oard, at least ten days prior to the determination proceeding the [D]istrict [A]ttorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the [D]istrict [A]ttorney together with the reasons for seeking such determinations" (Correction Law § 168-n [3]; see Worley, 40 NY3d at 134). "Proper notice is essential to achieve SORA's goal that an offender arrive at the hearing informed of the bases for the Board's and the District Attorney's recommendations and is also afforded an opportunity to challenge the grounds propounded by both" (Worley, 40 NY3d at 135). "Otherwise, an offender would prepare for the hearing solely relying on the Board's determinations, factor by factor and point assessment by point assessment, without advance knowledge of the reasoning upon which the District Attorney will rely in support of a different offender designation, risk classification or underlying grounds," which would not comport with due process under law (id.). Likewise, " 'a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the [offender] of a meaningful opportunity to respond' " (People v Chrisley, 172 AD3d 1914, 1915 [4th Dept 2019]; see People v Montufar-Tez, 195 AD3d 1052, 1053 [2d Dept 2021]; People v [*2]Maus, 162 AD3d 1415, 1417 [3d Dept 2018]; People v Segura, 136 AD3d 496, 497 [1st Dept 2016]).
Here, as the People correctly concede, they failed to provide defendant with the requisite 10-day notice that they intended to seek a determination different from that recommended by the Board inasmuch as they did not request an assessment of 10 points under risk factor 12 for failure to accept responsibility until the day of the hearing (see Correction Law § 168-n [3]; People v Scott, 96 AD3d 1430, 1430 [4th Dept 2012]; see generally Worley, 40 NY3d at 134-136). Contrary to the People's further assertion, however, we conclude that defendant was also deprived of a meaningful opportunity to respond to the theory on which the court assessed points on that risk factor (see Chrisley, 172 AD3d at 1914-1916). Neither the Board nor the People requested the assessment of points under risk factor 12 on the ground that defendant's statements during his presentence interview, as recounted in the case summary, alone established that he did not accept responsibility for his sexual misconduct. The Board recommended no point assessment under that category given that defendant, despite having minimized the underlying offenses in the past, had more recently participated and made acceptable progress in sex offender treatment (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]), and the People recommended the assessment of points under risk factor 12 on different grounds, primarily that defendant denied in his affirmation submitted to the SORA court that he had threatened a prosecutor during his prosecution even though that alleged conduct was ostensibly "one of his underlying charges" (see Chrisley, 172 AD3d at 1915). The court correctly determined, as defendant's attorney argued at the hearing, that the aforementioned denial in defendant's affirmation was unrelated to his acceptance of responsibility for his sexual misconduct because the purported threat to the prosecutor was not, as the People had erroneously represented, one of the underlying charges. The court nonetheless further determined in its bench decision that the assessment of 10 points under risk factor 12 was warranted on a ground advanced by neither the Board nor the People, namely, that defendant's statements in his presentence interview conducted approximately seven years before the SORA hearing, as recounted in the case summary, were alone sufficient to establish by clear and convincing evidence that defendant failed to accept responsibility for his sexual misconduct. We thus conclude that the proceeding failed to comport with due process because defendant was not provided with notice or a meaningful opportunity to respond to the basis for the court's assessment of points under risk factor 12 (see id. at 1916; see generally Worley, 40 NY3d at 134-136).
Based on the foregoing, we reverse the order, vacate the risk level determination, and remit the matter to Supreme Court for a new hearing and risk level determination in compliance with SORA's procedural requirements and defendant's due process rights, i.e., "a new judicial determination of defendant's SORA classification, made after timely notice of the Board and District Attorney's recommendations and reasons in support, and upon consideration of the parties' arguments and the evidence submitted at the [new] hearing" (Worley, 40 NY3d at 136; see Chrisley, 172 AD3d at 1916). We have considered defendant's remaining contentions and conclude that they do not require a different result.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court