People v Acosta (2024 NY Slip Op 01626)

People v Acosta

2024 NY Slip Op 01626

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

92 KA 22-01866

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS ACOSTA, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), entered November 2, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that Supreme Court violated his right to due process by sua sponte assessing 25 points on the risk assessment instrument (RAI) under risk factor 2, rather than the five points recommended by the Board of Examiners of Sex Offenders (Board) and requested by the People under that risk factor. We agree with defendant.
The disputed points assessed by the court under risk factor 2 are for having sexual intercourse with the victim of defendant's qualifying offense. The Board had recommended that five points be assessed against defendant under risk factor 2, for sexual contact over the victim's clothing, and that defendant be assessed a total of 50 points, making him a presumptive level one risk. Prior to the SORA hearing, the People asked the court in writing to assess an additional 10 points under risk factor 12, for failing to accept responsibility, but which would give defendant a total of 60 points even with an additional 10 points, and with which defendant would have remained a presumptive level one risk. The People also therefore requested "an upward departure based on the defendant's prior [unspecified] conduct not being adequately taken into consideration by the risk assessment instrument."
At the SORA hearing, the People agreed with the Board's recommendation to assess five points under risk factor 2, and, notably, the court also agreed with the Board's recommendation and rejected defense counsel's contention that no points should be assessed under that risk factor. The court stated to defense counsel, "I disagree with you. The People have already consented to the five points. So, I will assess five points." The court further stated at the hearing that it was granting the People's written request to assess 10 points under risk factor 12, thus raising defendant's total score to 60 points, but leaving him as a presumptive level one risk. After the court determined on the record that 60 points should be assessed, the People renewed their request for an upward departure based on defendant's prior criminal history. The court, however, later issued a written decision and order that assessed 80 points against defendant, including 25 points under risk factor 2, thereby making him a presumptive level two risk. The court did not address the People's request for an upward departure.
"The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment" (People v Wilke, [*2]181 AD3d 1324, 1325 [4th Dept 2020]; see Correction Law § 168-n [3]; People v David W., 95 NY2d 130, 136-138 [2000]). "A defendant has both a statutory and constitutional right to notice of points sought to be assigned to him or her so as to be afforded a meaningful opportunity to respond to that assessment" (People v Griest, 143 AD3d 1058, 1059 [3d Dept 2016]; see People v Hackett, 89 AD3d 1479, 1480 [4th Dept 2011]). Thus, " 'a court's sua sponte departure from the Board's recommendation at the hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond' " (People v Chrisley, 172 AD3d 1914, 1915 [4th Dept 2019]).
Here, as noted, the court assessed 25 points under risk factor 2 even though the Board had recommended that five points be assessed and the People requested five points. Although the court stated during an appearance prior to the SORA hearing that "it does appear that the upward modification [sic] that was requested [in writing] by the People may be warranted in regards to the sexual intercourse factor," the court misapprehended the nature of the People's request for an upward departure, which plainly was not based on a disagreement with the Board's recommendation under risk factor 2. In any event, the court did not grant an upward departure; instead, after determining at the hearing that only five points should be assessed under risk factor 2, the court later assessed 25 points based on an indication in the case summary that defendant stated at sentencing on the qualifying offense that he had consensual sexual intercourse with the victim.
Because defendant did not have notice that the court was considering a sua sponte assessment of additional points under risk factor 2, we "reverse the order, vacate defendant's risk level determination, and remit the matter to [Supreme] Court for a new risk level determination, and a new hearing if necessary, in compliance with Correction Law § 168-n (3) and defendant's due process rights" (Wilke, 181 AD3d at 1325-1326; see Chrisley, 172 AD3d at 1916; Hackett, 89 AD3d at 1480).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court