People v Lincoln (2025 NY Slip Op 03930)

People v Lincoln

2025 NY Slip Op 03930

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

546 KA 24-01390

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW LINCOLN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered January 5, 2024. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends, and the People correctly concede, that County Court violated his right to due process by granting an upward departure based on a factor that was not raised in the risk assessment instrument (RAI) or by the People at the hearing, i.e., defendant's employment as a youth swim coach.
"The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine [their] risk level pursuant to SORA and a meaningful opportunity to respond to the [RAI]" (People v Wilke, 181 AD3d 1324, 1325 [4th Dept 2020]). It is therefore improper for a court to depart from the presumptive risk level based on a ground for departure that has never been raised (see id.). Here, because defendant's employment was not presented as a basis for departure in the RAI or by the People at the hearing, defendant was not afforded notice and a meaningful opportunity to respond to it (see id.; see generally People v Chrisley, 172 AD3d 1914, 1915-1916 [4th Dept 2019]). We therefore reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new risk level determination and, if necessary, a new hearing in compliance with Correction Law § 168-n (3) and defendant's due process rights (see Wilke, 181 AD3d at 1325; Chrisley, 172 AD3d at 1916).
We have considered defendant's remaining contentions and conclude that they lack merit.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court