■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MILLER, Appellant. [854 NYS2d 138]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated February 28, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

On March 14, 1986 the defendant and another man abducted a 29-year-old woman from a Brooklyn street and brought her, at gunpoint, to the defendant's basement apartment. The defendant and the other man took the victim's property, and over the course of the next eight hours, they repeatedly raped and sodomized the victim. The rapes were so brutal that the victim's vagina and anus were torn. After a judgment convicting the defendant of, inter alia, rape in the first degree was reversed by this Court due to error by the trial court (*see People v Miller,* 149 AD2d 439 [1989]), on June 7, 1989, the defendant pleaded guilty to rape in the first degree. On June 29, 1989 the defendant was sentenced to a prison term of 12 years. On February 28, 2005, a risk re-assessment hearing was conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), and the Supreme Court determined that the People had proven by clear and convincing evidence that the defendant should be assessed 75 points for risk factors 1, 2, and 7, which resulted in a level two classification. The Supreme Court also determined that the People met their burden of proof with respect to an upward departure and adjudicated the defendant a level three sex offender. The defendant appeals, claiming that there was an inadequate basis for an upward departure to a level three classification.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Inghilleri,* 21 AD3d 404, 405 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Gua-*

*man,* 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d at 405-406, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d at 913; *People v Guaman,* 8 AD3d at 545).

Here, in departing from the presumptive risk level, the Supreme Court properly considered the evidence of the brutality of the rape committed by the defendant along with the defendant's conviction for failing to register as a sex offender pursuant to Correction Law § 168-a. Thus, although the defendant's total risk factor score of 75 resulted in his presumptive classification as a level two risk pursuant to SORA, the Supreme Court's determination that the defendant was a level three risk was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown,* 302 AD2d 919 [2003]).

Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m). Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.