■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BARAD, Appellant. [856 NYS2d 219]—

Appeal by the defendant from an order of the County Court,

Orange County (DeRosa, J.), dated January 10, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Between 1989 and September 1992 the defendant engaged in an ongoing series of various sexual acts with an underage female who worked for him at his horse farms in Orange County. The defendant pleaded guilty to one count of use of a child in a sexual performance in satisfaction of the indictment. Thereafter, the court sentenced the defendant to an indeterminate term of imprisonment of 4 to 12 years. In anticipation of the defendant's scheduled release from state prison in January 2007, a hearing was held pursuant to the Sex Offender Registration Act, Correction Law article 6-C (hereinafter SORA), on January 3, 2007 to determine his risk of reoffending, and the defendant was adjudicated a level three sex offender.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Guaman,* 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*id.,* quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists aggravating or mitigating factors of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d 404, 405-406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d at 545).

Here, in departing from the presumptive risk level, the County Court properly considered the defendant's demonstrated pattern of manipulation of and deceit concerning the underage female victim which led to acts of sexual intercourse, oral sex, and sexual abuse of the underage victim. The defendant videotaped these events, thereby engaging in acts constituting use of a child in a sexual performance. Thus, although the defendant's total risk factor score of 100 resulted in his presumptive classification as a level two risk pursuant to SORA, the County Court's determination that the defendant was a level three risk was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown,* 302 AD2d 919, 920 [2003]).

Accordingly, the County Court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m).

The defendant's remaining contentions are without merit. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.