THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIOS, Appellant. [868 NYS2d 295]—

The defendant was convicted, after a jury trial, of rape in the first degree (three counts) and sodomy in the first degree (six counts). The complaining witnesses were the four-year-old and seven-year-old daughters of his paramour. The hearing court, following a hearing, granted an upward departure and designated the defendant a level three sex offender pursuant to Correction Law article 6-C.

The defendant is deaf and mute. He is illiterate, has minimal

language skills, and speaks by signing words. The defendant contends that he could not communicate with the sign language interpreter and as a result he was denied the effective assistance of counsel and the right to be present at the hearing.

The determination as to whether an interpreter is necessary "lies within the sound discretion of the trial court, which is in the best position to make the fact-intensive inquiries necessary to determine whether there exists a language barrier such that the failure to appoint an interpreter will deprive the defendant of his or her constitutional rights" (*People v Warcha* 17 AD3d 491, 493 [2005]). Here, the court, in accordance with Judiciary Law § 390, appointed a sign interpreter. A review of the transcript of the hearing does not support the defendant's contention that he could not communicate with the interpreter. There was only one instance during the hearing where the interpreter and the defendant advised the court that they had difficulty in communication. The interpreter advised the court that the defendant was not using American Sign Language but rather that he signed broken-up words. However, neither the interpreter nor the defendant advised that they could not communicate. The defendant's counsel stated at the hearing that she used the interpreter to speak with the defendant prior to the hearing, and she did not indicate that she could not communicate with the defendant. The defendant provided his counsel with information that counsel was able to use to successfully argue against the assessment of points in two categories. Accordingly, the record does not support the defendant's contention that he could not communicate with the interpreter or that he was denied the right to be present or the effective assistance of counsel (*see People v Perez*, 198 AD2d 446, 447 [1993]; *People v Reyes*, 158 AD2d 626 [1990]).

A court, in the exercise of discretion, may depart from the presumptive risk level assessment upon a finding, supported by clear and convincing evidence, that there are aggravating or mitigating factors of a kind or degree which were not considered by the guidelines (*see People v Inghilleri*, 21 AD3d 404, 405 [2005]). Here, the court, based on the evidence before it at the hearing, including the risk assessment case summary describing the defendant's crimes, appropriately found that the guidelines did not consider multiple sexual assaults, in less than 24 hours, on both a four-year-old girl and a seven-year-old girl. The hearing court properly considered the severity of the attacks on these children and found them to be brutal and egregious such that they warranted an upward departure (*see People v Miller*, 48 AD3d 774, 775 [2008]). The finding was supported by clear

and convincing evidence (*see People v Hampton,* 300 AD2d 641 [2002]).

Accordingly, the court providently exercised its discretion in designating the defendant a level three sex offender (*see People v Miller,* 48 AD3d 774, 775 [2008]).

Motion by the appellant on an appeal from an order of the Supreme Court, Kings County dated July 2, 2007, inter alia, to strike portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion dated August 14, 2008 [2008 NY Slip Op 80209(U)], the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike portions of the respondent's brief is granted, and those portions have not been considered in the determination of the appeal. Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.