■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CZAPLICKI, Appellant. [876 NYS2d 490]—

Appeal by the defendant from an order of the County Court, Suffolk County (Gazzillo, J.), dated February 15, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant pleaded guilty to one count of rape in the first degree and two counts of sodomy in the first degree for raping and sodomizing the eight-year-old daughter of the woman with whom he lived. He was sentenced to concurrent determinate terms of eight years' imprisonment.

At the hearing held upon the defendant's release, the County Court noted that the defendant's presumptive risk level was two, based upon the points assessed by the Board of Examiners of Sex Offenders (hereinafter the Board). However, the Board recommended that the defendant be classified as a level three sex offender. The County Court, noting the horrendous nature of the defendant's acts, adjudicated him a level three sex offender. There was ample evidence in the record to support the County Court's determination.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Guaman,* 8 AD3d 545 [2004]). Although "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]), "[a] departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d 404, 405-406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Rios,* 57 AD3d 501 [2008]; *People v Barad,* 50 AD3d 988, 989 [2008]; *People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]).

Although the victim's disabilities did not meet the specific statutory and guideline definitions for a risk factor 6 scoring, there was an adequate basis in the record to demonstrate that

the eight-year-old victim's disabilities were of such kind and degree that they rendered her particularly vulnerable. The fact that the defendant chose this particularly vulnerable victim is an aggravating factor not otherwise taken into account by the guidelines, which justifies an upward departure to a level three risk designation.

Accordingly, since the facts supporting the County Court's determination were proven by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown,* 302 AD2d 919, 920 [2003]), the County Court properly designated the defendant a level three sex offender (*see People v Rios,* 57 AD3d 501 [2008]; *People v Miller,* 48 AD3d 774 [2008]). Fisher, J.P., Florio, Balkin and Belen, JJ., concur.