Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated June 20, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
The failure of the County Court to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]; see People v Smith, 11 NY3d 797 [2008]) does not preclude this Court from making its own findings of fact and conclusions of law where, as here, the record is sufficient to do so (see People v Guitard, 57 AD3d 751 [2008]; People v Villane, 17 AD3d 336 [2005]). There is clear and convincing evidence, in the form of reliable hearsay, that, as noted in the case summary, the appellant “engaged in sexually explicit communications, via the Internet, with [a number of] young girls [other than the one he ultimately met in person].” There is also clear and convincing evidence of what the case summary referred to as the appellant’s “interest in sadomasochistic activities.” We find that these factors, considered in conjunction with those other factors mentioned in the case summary that were not “taken into account by the guidelines” (People v Czaplicki, 61 AD3d 660, 662 [2009]), warrant an upward departure to a level three classifica *663 tion (see generally People v Jones, 24 Misc 3d 1224[A], 2009 NY Slip Op 51603[U] [2009]; cf. People v Boncic, 15 Misc 3d 1139[A], 2009 NY Slip Op 51059[U] [2009]).
In light of this determination, we need not address the appellant’s remaining contention. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.