■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FROSCH, Appellant. [893 NYS2d 226]—

The defendant was convicted, upon his plea of guilty, of rape in the first degree. The complainant was the defendant's daughter. Following a hearing, the County Court granted the People's request for an upward departure and designated the defendant a level three sex offender pursuant to Correction Law article 6-C.

The Sex Offender Registration Act (hereinafter SORA) Guidelines advise that the assessment by the Board of Examiners of Sex Offenders (hereinafter the Board) of the risk factors set forth in the risk assessment instrument generally result in a "presumptive" SORA determination (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see also People v McLaughlin,* 40 AD3d 832, 833 [2007]). As the term "presumptive" implies, the court is not bound by the Board's recommendation. However, the SORA Guidelines caution that departures from the Board's recommendation will be the exception, not the rule, and should only be made where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.; see People v Miller,* 48 AD3d 774, 775 [2008]; *People v Chandler,* 48 AD3d 770 [2008]; *People v White,* 25 AD3d 677 [2006]; *People v Inghilleri,* 21 AD3d 404, 406 [2005]). To warrant a departure from the presumptive risk level, there must be clear and convincing evidence of a special circumstance (*see People v Barad,* 50 AD3d 988, 989 [2008]; *People v Miller,* 48 AD3d at 775; *People v Burgos,* 39 AD3d 520, 520 [2007]; *People v Abdullah,* 31 AD3d 515, 516 [2006]; *People v Inghilleri,* 21 AD3d at 406).

Here, contrary to the defendant's contention, the court properly set forth the basis for its determination, as required under Correction Law § 168-n (3). Moreover, based on the evidence before the court at the hearing, including the case summary describing the defendant's crimes, and the presentence report, the court appropriately determined that the SORA Guidelines did not adequately take into account the egregious

and abhorrent nature of the defendant's sexual abuse of his own daughter, which occurred when she was between the ages of three and eight, or the threats he made to her that he would harm her family if she disclosed the abuse, and properly considered those factors sufficient to warrant an upward departure (*see People v Rios,* 57 AD3d 501 [2008]; *People v Miller,* 48 AD3d 774 [2008]; *People v O'Flaherty,* 23 AD3d 237 [2005]). The finding was supported by clear and convincing evidence (*see People v Barad,* 50 AD3d at 989; *People v Burgos,* 39 AD3d 520 [2007]; *People v Inghilleri,* 21 AD3d at 406).

Contrary to the defendant's contention, he was not prejudiced by the People's failure to provide him with the complainant's grand jury testimony in violation of the disclosure requirements set forth in Correction Law § 168-n (3) (*see* CPL 470.05 [2]). The portions of the complainant's grand jury testimony referenced by the prosecutor were included in both the presentence report and the case summary, both of which the defendant had prior to the hearing. Moreover, the defendant was provided a meaningful opportunity to respond (*see People v Inghilleri,* 21 AD3d at 405; cf. *People v Ferguson,* 53 AD3d 571 [2008]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.