■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DIAZ, Appellant. [921 NYS2d 876]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Del Giudice, J.), dated December 2, 2009, which, after a hearing, designated him a level two sex offender and a sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At the hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the People proved by clear and convincing evidence that an upward departure to a risk level two sexually violent offender designation was warranted (*see* Correction Law § 168-a [3], [7] [b]; § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4-5 [2006]; *People v Frosch*, 69 AD3d 699, 699-700 [2010]; *People v Cherry*, 60 AD3d 484 [2009]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Fabara*, 49 AD3d 619 [2008]; *People v White*, 25 AD3d 677 [2006]; *People v Ventura*, 24 AD3d 527 [2005]). Here, in departing from the presumptive risk level, the Supreme Court properly considered that the defendant was prevented from perpetuating further harm to the victim when neighbors intervened and "pulled" the defendant off the victim. Such factor was not adequately taken into account by the guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4, 9 [2006]). Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level two sex offender and a sexually violent offender.

The defendant's remaining contention is without merit (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Sullivan*, 64 AD3d 67 [2009]; *cf. Matter of Philip A.*, 49 NY2d 198 [1980]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.