██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM MELZER, Appellant. [933 NYS2d 705]—

The defendant is an individual who was a registered sex offender in New Jersey. Upon taking up permanent residence in New York in December 2009, he registered in New York as a sex offender with the Division of Criminal Justice Services, as required by Correction Law § 168-k. In June 2010, the New York Board of Examiners of Sex Offenders (hereinafter the Board of Examiners) reviewed the defendant's conviction in New Jersey and recommended an upward departure from a risk level one to risk level two. In November 2010, the defendant moved back to New Jersey prior to his risk level assessment hearing in New York, which commenced in January 2011 and concluded in February 2011.

Contrary to the defendant's contention, the Supreme Court was statutorily required to hold a risk level assessment hearing after receiving the recommendation of the Board of Examiners regarding the defendant's level of notification (see Correction Law § 168-n [1], [2]; *Matter of Churuti v Devane*, 29 AD3d 1139,

1141 [2006]; *People v Peters*, 27 AD3d 784 [2006]). The Supreme Court did not err in conducting the risk level assessment hearing after the defendant had moved back to New Jersey, as the dual purposes of the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), which are to monitor sex offenders' whereabouts and to aid law enforcement in prosecuting recidivist offenders, would be frustrated if they were to cease when a registered sex offender moves out of the state (*see Matter of Doe v O'Donnell*, 86 AD3d 238, 241-242 [2011], *lv denied* 17 NY3d 713 [2011]).

The defendant also contends that the Supreme Court erred in upwardly departing from the presumptive risk level one to risk level two. The defendant correctly states that the Supreme Court failed to set forth adequate findings of fact and conclusions of law as mandated by Correction Law § 168-n (3) (*see People v Vega*, 79 AD3d 718 [2010]). However, remittal is not required, as the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Rivera*, 73 AD3d 881 [2010]). In support of their application for an upward departure, the People presented aggravating factors, including the defendant's misuse of his position of trust in committing the underlying offense (*see People v Mantilla*, 70 AD3d 477, 478 [2010]), and that the defendant manipulated and deceived his victims (*see People v Barad*, 50 AD3d 988 [2008]; *People v Scott*, 29 AD3d 1025, 1026-1027 [2006]). These factors tend to establish a higher likelihood of reoffense or danger to the community and were otherwise not adequately taken into account by the SORA Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). In addition, the People established the facts in support of these aggravating factors by clear and convincing evidence. Thus, the Supreme Court providently exercised its discretion in upwardly departing from the presumptive risk level one to risk level two (*see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d 112 [2011]; *see generally People v Liguori*, 48 AD3d 773 [2008]).

The defendant's remaining contention is unpreserved for appellate review. Florio, J.P., Hall, Austin and Cohen, JJ., concur.