■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COOK, Appellant. [56 NYS3d 886]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated November 19, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. By decision and order dated May 20, 2015, this Court affirmed the order (*see People v Cook*, 128 AD3d 927 [2015]). On March 30, 2017, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of issues raised but not determined on the appeal to this Court (*see People v Cook*, 29 NY3d 121 [2017]). Justice Hall has been substituted for former Justice Skelos (*see* 22 NYCRR 670.1 [c]).

Ordered that, upon remittitur from the Court of Appeals, the order is affirmed.

The People established, by clear and convincing evidence, the existence of an aggravating factor that was not adequately taken into account by the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) Guidelines (*see*

Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; Correction Law § 168 *et seq.*) issued by the Board of Examiners of Sex Offenders, and which "tend[s] to establish a higher likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d 112, 123 [2011]; *see* Correction Law § 168-n [3]; *People v Gillotti*, 23 NY3d 841, 861-862 [2014]; Guidelines at 4), namely, that the defendant committed sexual offenses against a young girl with physical disabilities that rendered her "particularly vulnerable" (*People v Czaplicki*, 61 AD3d 660, 662 [2009]). We find no basis to disturb the Supreme Court's exercise of its discretion to grant the People's request for an upward departure to designate the defendant a level three sex offender under SORA. Dillon, J.P., Hall, Austin and Hinds-Radix, JJ., concur.