People v Sanders (2020 NY Slip Op 03811)





People v Sanders


2020 NY Slip Op 03811


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-09744

[*1]People of State of New York, respondent,
v
Levan Sanders, appellant. Paul Skip Laisure, New York, NY (Grace DiLaura of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Margaret Iocco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated August 29, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1985, the defendant was convicted in Alabama, upon his plea of guilty, of sodomy in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the defendant was assessed a total of 60 points, which presumptively classified him as a level one sex offender. However, the Supreme Court granted the People's request for an upward departure from the presumptive risk level and adjudicated the defendant a level two sex offender on the basis of the defendant's subsequent and substantial criminal history. The defendant appeals.
Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then exercise its discretion by weighing the aggravating and any mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's protracted criminal history includes serious crimes such as homicide and possession of a weapon. Contrary to the defendant's contention, the People proved, by clear and convincing evidence, that aggravating factors of a kind and to a degree not adequately taken into account by the SORA Guidelines existed (see People v Guadalupe, 173 AD3d 910, 912). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in finding that the defendant still poses a risk to society, justifying the upward departure (see People v Garcia, 153 AD3d 735, 737).
Accordingly, we agree with the Supreme Court's determination granting the People's request for an upward departure and designating the defendant a level two sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court