People v Harris (2020 NY Slip Op 04795)





People v Harris


2020 NY Slip Op 04795


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-06969

[*1]People of State of New York, respondent,
v
Robert Harris, appellant.
 Frank T. Kelly, Kew Gardens, NY, for appellant. 


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Leslie G. Leach, J.), dated May 21, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed a total of 90 points, thereby presumptively classifying him as a level two sex offender. The People argued, among other things, that the Supreme Court should upwardly depart from the presumptive risk level to risk level three. The court granted the People's application for an upward departure based upon, inter alia, evidence that the victim suffered from physical and mental disabilities. The defendant appeals.
An aggravating factor that may support an upward departure from an offender's presumptive risk level "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level" calculated on the risk assessment instrument (People v Wyatt, 89 AD3d 112, 121; see People v Gillotti, 23 NY3d 841, 861). When the People seek an upward departure "they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Ragabi, 150 AD3d 1161, 1161; see People v Gillotti, 23 NY3d at 861). "Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public" (People v Ragabi, 150 AD3d at 1161; see People v Gillotti, 23 NY3d at 861; People v DeDona, 102 AD3d 58, 68; People v Wyatt, 89 AD3d at 121, 123).
We agree with the Supreme Court's determination that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the SORA Guidelines (see SORA: Risk Assessment Guidelines and Commentary [2006]), namely, that the victim suffered from both physical and mental disabilities that were of such kind and degree to render her particularly vulnerable (see People v Cook, 153 AD3d 561; People v Czaplicki, 61 AD3d 660, 662). Upon determining the existence of this aggravating factor, the court providently exercised [*2]its discretion in granting the People's application for an upward departure (see People v Cook, 153 AD3d at 561; People v Czaplicki, 61 AD3d at 662).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court