People v McKenna (2020 NY Slip Op 05063)





People v McKenna


2020 NY Slip Op 05063


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-13200

[*1]People of State of New York, respondent,
v
Kevin McKenna, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Nicole Zagreda on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 4, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2016, the defendant pleaded guilty to attempted disseminating indecent material to minors in the first degree in relation to conduct in which he had communicated with an undercover police officer posing as a 13-year-old boy on the internet and arranged to meet the fictitious boy to engage in sexual activity. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed a total of 40 points, which presumptively classified him as a level one sex offender. However, the Supreme Court granted the People's request for an upward departure from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.
Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then exercise its discretion by weighing the aggravating circumstances and any mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's contention that certain aggravating factors identified by the People should have been treated on the risk assessment instrument is unpreserved for appellate review as he did not raise this argument at the SORA hearing (see People v Charache, 9 NY3d 829, 830; People v Baker, 138 AD3d 814). In any event, we agree with the Supreme Court's determination [*2]that the defendant's conduct constituted aggravating factors not adequately taken into account by the Guidelines to arrive at the defendant's presumptive risk assessment level (see People v Harrell, 168 AD3d 890). The People presented clear and convincing evidence that the defendant had engaged in sexual activity with minor males over the course of several years, and that the defendant previously was discharged from sex offender treatment due to deceptive behavior and a lack of progress in treatment, including engaging in sexual activity with a minor male while in treatment. We also agree with the court's determination that the totality of the circumstances warranted a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the People's application for an upward departure and designating the defendant a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court