People v Ross (2021 NY Slip Op 05897)





People v Ross


2021 NY Slip Op 05897


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

528498
[*1]The People of the State of New York, Respondent,
v
David Ross, Appellant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Mark Diamond, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of Albany County (Lynch, J.), entered September 26, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2004, defendant was convicted of rape in the first degree and unlawful imprisonment in the second degree and was sentenced to 17½ years in prison for the rape conviction, to be followed by five years of postrelease supervision, and a lesser concurrent sentence on the other conviction (43 AD3d 567, 568 [2007], lv denied 9 NY3d 964 [2007]). Prior to his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) placing defendant as a risk level one sex offender with a total of 55 points. The People requested that defendant be scored an additional 10 points under risk factor 13, which would still result in a risk level one classification. The People further requested an upward departure to a risk level two classification. Following a hearing, County Court found that defendant was a presumptive risk level one sex offender (65 points) but granted the People's request for an upward departure and classified defendant as a risk level two sex offender with a sexually violent offender designation. Defendant appeals.[FN1]
We affirm. "An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Perry, 174 AD3d 1234, 1235 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 905 [2019]; accord People v Benton, 185 AD3d 1103, 1106 [2020], lv denied 35 NY3d 916 [2020]). "An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the risk assessment instrument" (People v Ragabi, 150 AD3d 1161, 1161 [2017] [internal quotation marks, ellipsis and citations omitted], lv denied 29 NY3d 919 [2017]; see People v Remonda, 158 AD3d 904, 904 [2018], lv denied 31 NY3d 910 [2018]). "In determining whether an upward departure is warranted, County Court may consider reliable hearsay evidence such as the case summary, presentence investigation report and risk assessment instrument, as well as [the] defendant's past misconduct and any other proof that a reasonable person would deem trustworthy" (People v Perry, 174 AD3d at 1235 [internal quotation marks, ellipsis and citations omitted]; see People v Mingo, 12 NY3d 563, 572-574 [2009]; People v Gauthier, 100 AD3d 1223, 1224 [2012]).
At the hearing, County Court received into evidence the People's risk assessment instrument and a corresponding discovery packet[*2], which included the Board's risk assessment instrument and case summary, the underlying presentence investigation report, the record from the Department of Corrections and Community Supervision, a portion of the victim's trial testimony and the underlying sentencing minutes. The evidence reflected that the victim ran into defendant, who was an acquaintance, at a bar. At the time, the victim had a hard leg cast and needed crutches to walk. After drinking at the bar with defendant and two of his friends, defendant asked the victim to accompany him and his friends to a party. The group drove to the apartment of one of the friends and, upon arrival, the victim informed defendant that she wanted to leave. Defendant then forced the victim into a room and one of his friends brought in a mattress. The victim tried to leave and defendant pushed her down on the mattress and raped her. The victim testified that, although she tried, it was hard for her to fight defendant off because she had a cast on. Defendant then left the apartment, leaving the victim behind. One of defendant's friends then raped the victim. The other friend attempted to rape the victim, but she managed to escape and call the police.[FN2]
County Court found that an upward departure was warranted due to the nature of the crimes and the fact that the victim was on crutches at the time. Although the risk assessment guidelines allow for 20 points to be assigned under risk factor 6 when the victim "suffered from a mental disability, mental incapacity or physical helplessness" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]), for such purpose the term physical helplessness means "that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). Here, the victim was not physically helpless as defined within risk factor 6, as the record reflects that she was conscious and physically able to communicate an unwillingness at the time of the crimes. However, the evidence that defendant preyed upon a victim whose ability to defend herself was impaired by her leg cast and crutches provides clear and convincing evidence of the existence of an aggravating factor not adequately taken into account by the risk assessment guidelines (see People v Harris, 186 AD3d 879, 880 [2020]; People v Cook, 153 AD3d 561, 561-562 [2017], lv denied 30 NY3d 906 [2017]; People v Czaplicki, 61 AD3d 660, 661-662 [2009], lv denied 12 NY3d 713 [2009]). Therefore, we find no abuse of discretion in County Court concluding that an upward departure to a risk level two sex offender classification was warranted (see People v Lake, 182 AD3d 936, 937 [2020]; People v Perry, 174 AD3d at 1236). Although defendant also challenges the assessment of points under risk factors 11 and 13, even if those points were subtracted, defendant would have remained a presumptive risk level one sex offender (40 points) subject to the [*3]upward departure. As such, we find it unnecessary to determine the propriety of the challenged points. Defendant's remaining claims have been considered and found to be without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: After the notice of appeal was filed, County Court issued a corrected order. Although the appeal should have been taken from the corrected order, we will exercise our discretion and entertain the appeal on the merits (see Mattison v OrthopedicsNY, LLP, 189 AD3d 2025, 2026 n 1 [2020]).

Footnote 2: The victim testified that, in the process of escaping, she fell down a whole flight of stairs.