People v Thurmond (2022 NY Slip Op 06728)

People v Thurmond

2022 NY Slip Op 06728

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-01565

[*1]The People of the State of New York, respondent,
v
Kevin W. Thurmond, appellant. Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Andrew Holloway on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated February 19, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of attempted rape in the first degree and assault in the second degree. In anticipation of the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The Board assessed the defendant a total of 105 points, which corresponded with a designation as a presumptive level two sex offender. The People requested an upward departure from the Board's recommendation on the basis of the defendant's criminal record and status as a parolee when he committed the offenses. The defendant requested a downward departure based on his age and familial and other reentry support. After a hearing, the Supreme Court denied the defendant's application for a downward departure and granted the People's application for an upward departure based upon the factors raised by the People and on factors not raised by the People or the Board, including the defendant's infractions during incarceration and his targeting of a mentally disabled victim. The defendant appeals.
Under SORA, the Board has developed "guidelines and procedures to assess the risk of a repeat offense by a sex offender and the threat posed to the public safety" (People v Gillotti, 23 NY3d 841, 852 [alterations and internal quotation marks omitted]; see People v Rodriguez, 196 AD3d 43, 48; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]). Based on the Guidelines, the Board makes a "'recommendation' regarding the offender's risk level classification" (People v Gillotti, 23 NY3d at 852, quoting Correction Law § 168-l[6]; see People v Rodriguez, 196 AD3d at 48). "'Applying the guidelines,' a reviewing court at a SORA hearing must determine the offender's risk level classification by either accepting the Board's recommendation or rejecting that recommendation in favor of a different risk level classification supported by the evidence presented at the hearing" (People v Gillotti, 23 NY3d at 852, quoting Correction Law § 168-n[2], [3] [alterations omitted]).
A reviewing court's departure from the presumptive risk level is generally the [*2]exception, not the rule (see People v Howard, 27 NY3d 337, 341; People v Johnson, 11 NY3d 416, 421; People v Rodriguez, 196 AD3d at 48). "An upward departure from a presumptive risk classification is permitted when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Rodriguez, 202 AD3d 1114, 1115). Therefore, the court must first "determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA guidelines" (People v Paul, 168 AD3d 1004, 1005; see People v Gillotti, 23 NY3d at 861; People v Rodriguez, 196 AD3d at 48-49; People v McKenna, 186 AD3d 1542, 1543). "Next, the court must determine whether the People have established, by clear and convincing evidence, the actual existence of the aggravating factors in the particular case before the court" (People v Rodriguez, 196 AD3d at 49, citing Correction Law § 168-n[3], People v Gillotti, 23 NY3d at 861-862). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d at 1005, quoting People v Gillotti, 23 NY3d at 861; see People v McKenna, 186 AD3d at 1543).
By contrast, "[a] defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Ciccarello, 187 AD3d 1224, 1226, quoting People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor [or factors] to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Young, 186 AD3d 1546, 1548, citing People v Gillotti, 23 NY3d at 861, People v Champagne, 140 AD3d 719, 720).
"'The due process guarantees in the United States and New York Constitutions require that a defendant be afforded notice of the hearing to determine his or her risk level pursuant to SORA and a meaningful opportunity to respond to the risk level assessment'" (People v Montufar-Tez, 195 AD3d 1052, 1053, quoting People v Wilke, 181 AD3d 1324, 1325). "[A] court's sua sponte departure from the Board's recommendation at the [SORA] hearing, without prior notice, deprives the defendant of a meaningful opportunity to respond" (People v Montufar-Tez, 195 AD3d at 1053 [internal quotation marks omitted]; see People v Segura, 136 AD3d 496, 497). Thus, it is improper for a court to depart from the presumptive risk level based on "grounds for departure [that] had never been raised" (People v Manougian, 132 AD3d 746, 747; see People v Wilke, 181 AD3d at 1325).
Here, it was error for the Supreme Court to consider aggravating factors which were not raised by the People or by the Board, namely, the defendant's infractions during incarceration and his targeting of a mentally disabled victim (see People v Wilke, 181 AD3d at 1325; People v Manougian, 132 AD3d at 747). However, under the circumstances of this case, the error was harmless (see People v Baxin, 26 NY3d 6, 11; People v Satornino, 200 AD3d 813, 814; see also People v Wells, 138 AD3d 947, 951). The People proved, by clear and convincing evidence, that aggravating factors of a kind and to a degree not adequately taken onto account by the Guidelines existed in this case. These factors were the defendant's "protracted criminal history" (People v Guadeloupe, 173 AD3d 910, 912; see People v Sanders, 185 AD3d 741, 742; People v Pittman, 179 AD3d 955, 956; People v Smith, 158 AD3d 654, 655) and his parole history (see People v Brown, 149 AD3d 411; People v Mudd, 43 AD3d 1128, 1129; see also People v Buss, 11 NY3d 553, 558). Under the circumstances, the court providently exercised its discretion in granting the People's request for an upward departure. Accordingly, the defendant was properly designated a level three sex offender.
The defendant failed to demonstrate that his "age at the time of the SORA [*3]determination resulted in the overassessment of [his] risk to public safety" (People v Jimenez, 178 AD3d 1099, 1101; see People v Saintilus, 169 AD3d 838, 839). The defendant also failed to establish that his alleged familial support and other reentry support networks constituted an appropriate mitigating factor that was otherwise not adequately taken into account by the Guidelines (see People v Blinker, 170 AD3d 1052, 1053).
Accordingly, we affirm order designating the defendant a level three sex offender.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court