People v Cutting (2023 NY Slip Op 05524)

People v Cutting

2023 NY Slip Op 05524

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-09413

[*1]The People of the State of New York, respondent,
v
Cyril Cutting, appellant. Patricia Pazner, New York, NY (Anna Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated December 8, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination thereafter.
In 2014, the defendant was convicted, after a jury trial, of criminal sexual act in the second degree. In anticipation of the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The Board assessed the defendant a total of 85 points, which corresponded with a designation as a presumptive level two sex offender. At a hearing to determine the defendant's risk level, the People sought an upward departure from the presumptive risk level on the basis of the defendant's convictions that occurred subsequent to the underlying offense. The Supreme Court granted the People's application for an upward departure based upon the defendant's subsequent convictions and on factors not raised by the People, including the defendant's extensive criminal history and repeated violations of parole and probation, and designated the defendant a level three sex offender. The defendant appeals.
"Persons required to register as sex offenders are entitled to due process protections of notice and an opportunity to be heard before a court determines their risk level classification under [SORA]" (People v Worley, 40 NY3d 129, 131; see People v David W., 95 NY2d 130, 133; see also Correction Law § 168-n[3]). A "SORA court deprive[s a] defendant of those basic procedural guarantees when it upwardly depart[s] from the presumptive risk level without affording [the] defendant notice or an opportunity to contest the basis for the departure" (People v Worley, 40 NY3d at 131; see People v Thurmond, 210 AD3d 1022, 1025; People v Manougian, 132 AD3d 746, 747).
Here, the Supreme Court erred in basing its decision to depart from the presumptive risk level, in part, upon grounds that were not raised by the People and of which the defendant had no notice or an opportunity to contest (see People v Thurmond, 210 AD3d at 1025; People v Manougian, 132 AD3d at 747). Moreover, the error cannot be deemed harmless on the ground that an upward departure was warranted based upon the defendant's subsequent convictions, the singular [*2]ground raised by the People (see People v Bamugo, 214 AD3d 743, 744; People v Thurmond, 210 AD3d at 1025; People v Amorin, 164 AD3d 1483, 1484). The People provided no factual basis underlying those convictions from which the court could have concluded that an upward departure was warranted (see People v Garcia, 153 AD3d 735, 737; People v Barody, 54 AD3d 1109, 1110; see generally People v Gillotti, 23 NY3d 841, 861).
Under these circumstances, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new risk level assessment hearing and a new determination thereafter (see People v Worley, 40 NY3d at 136; People v Montufar-Tez, 195 AD3d 1052, 1053-1054).
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court