People v Gentile (2024 NY Slip Op 00789)

People v Gentile

2024 NY Slip Op 00789

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-04125

[*1]The People of the State of New York, respondent, 
v
Joseph Gentile, appellant. 

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle S. Fenn, and Katira D. Campos of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated April 6, 2021, as amended May 25, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order, as amended, is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of, inter alia, rape in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 70 points, resulting in his presumptive designation as a level one sex offender. The court then granted the People's application for an upward departure from the presumptive risk level and designated the defendant a level two sex offender. The defendant appeals.
"Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] guidelines. The People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Burkhardt, 215 AD3d 696, 697 [citations and internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "[O]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v Wilkerson, 214 AD3d 683, 684 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]; People v Bamugo, 214 AD3d at 744), the existence of an aggravating factor not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see generally People v Gillotti, 23 NY3d at 861), namely, the defendant's subsequent convictions following the underlying sex offense (see People v Bamugo, 214 AD3d at 744; People v Thurmond, 210 AD3d 1022, 1025; People v Amorin, 164 AD3d 1483, 1484). Moreover, upon determining the existence of this aggravating factor, the Supreme Court providently exercised its discretion in granting the People's [*2]application for an upward departure.
The defendant's contention that the Supreme Court improperly failed to rule on his application for a downward departure is unpreserved for appellate review. In any event, his contention is without merit (see People v Wilkerson, 214 AD3d at 685).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court