People v Corley (2025 NY Slip Op 00170)

People v Corley

2025 NY Slip Op 00170

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 71234/21 Appeal No. 3453 Case No. 2022-04563 

[*1]The People of the State of New York, Appellant,
v
Royce Corley, Defendant-Respondent.

Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for appellant.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (John L. Palmer of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about September 16, 2022, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the Sex Offender Registration Act (Correction Law art 6-C) proceeding based on a finding that defendant's federal conviction of possession of child pornography is not a registrable sex offense in New York, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings.
Defendant has not established that his relocation to a different jurisdiction nearby in Delaware renders this appeal moot (see People v Melzer, 89 AD3d 1000, 1001 [2d Dept 2011], lv denied 19 NY3d 803 [2012]).
The court should have denied defendant's motion to dismiss the SORA proceeding insofar as defendant claimed that his federal conviction of possession of child pornography is not a registrable sex offense in New York. Correction Law § 168-a(2)(d)(iii), effective March 11, 2002, states "a 'sex offense' means: . . . a conviction of . . . any of the provisions of . . . 18 U.S.C. 2252A . . ., provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect." 18 USC § 2252A(a)(5)(B), which criminalized the possession of child pornography, was amended in 2008 to include "knowingly access[] with intent to view" such illicit images (Enhancing the Effective Prosecution of Child Pornography Act of 2007, Pub L 110-358, § 203[b], 122 Stat 4001 [2008]). That amendment did not materially redefine the crime to render it an "inappropriate predicate[] for SORA registration," which was the purpose of the "substantially the same" language in subsection (iii) (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 752-753 [2007]). Therefore, it remains a registrable sex offense. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025