People v Rodas (2025 NY Slip Op 04113)

People v Rodas

2025 NY Slip Op 04113

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-06608

[*1]The People of the State of New York, respondent,
v
Jose Antonio Rodas, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel; Larissa Archondo on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Richard W. Helms of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated August 10, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to attempted rape in the first degree. In anticipation of the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The Board assessed the defendant a total of 65 points, which corresponded with a designation as a presumptive level one sex offender. The People requested an upward departure from the presumptive risk level on the basis of the victim's physical disabilities. After a hearing, the Supreme Court, which found the existence of certain aggravating factors, including the victim's physical disabilities, granted the People's application for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
It was error for the Supreme Court to consider aggravating factors that were not raised by the People or by the Board (see People v Worley, 40 NY3d 129, 131; People v Cutting, 221 AD3d 622, 623). However, under the circumstances of this case, the error was harmless (see People v Thurmond, 210 AD3d 1022, 1025; People v Rodriguez, 196 AD3d 43, 54-55).
The People proved, by clear and convincing evidence, that an aggravating factor of a kind and to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) existed in this case (see People v Thurmond, 210 AD3d at 1025), namely, the victim's physical disabilities (see People v Harris, 186 AD3d 879, 880; People v Cook, 153 AD3d 561, 562). Moreover, based on that aggravating factor, in light of the totality of the circumstances, an upward departure from the defendant's presumptive risk level one designation was warranted (see People v Thurmond, 210 AD3d at 1025; People v Rodriguez, 196 AD3d at 54-55).
Accordingly, we affirm the order.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court