People v Levalley (2024 NY Slip Op 03648)

People v Levalley

2024 NY Slip Op 03648

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

447 KA 23-01021

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS LEVALLEY, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered May 16, 2023. The order determined that respondent is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 10 points against him under risk factor 12 on the risk assessment instrument (RAI) for failing to accept responsibility. We agree. In assessing points under risk factor 12, the court relied on the fact that defendant answered, "I believe so," when asked during the plea colloquy whether he admitted to having engaged in the conduct alleged in the indictment. We conclude that, under the circumstances of this case, defendant's statement standing alone is insufficient to constitute a failure to accept responsibility, particularly because defendant pleaded guilty and told the probation officer who interviewed him for the presentence investigation report that he stood by his plea. Moreover, we note that the People asserted at the hearing that no points should be assessed against defendant under risk factor 12 and that defendant should be adjudicated a level one risk.
In the absence of evidence at the hearing that defendant failed to accept responsibility for his crime, we conclude that the record does not establish by clear and convincing evidence that points should be assessed against defendant under risk factor 12 (see People v Ritchie, 203 AD3d 1562, 1563 [4th Dept 2022]; People v Kowal, 175 AD3d 1057, 1058-1059 [4th Dept 2019]). Deducting the 10 points assessed under that risk factor reduces defendant's score on the RAI to 70, rendering him a presumptive level one risk. We therefore modify the order accordingly.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court